FILED
2008 Jan-08 PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CATHIE WELLER, individually, and as Personal Representative of the Estate of JAMES HETHERINGTON,**<br><br>Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Civil Action Number<br>**5:07-cv-1706-UWC** |

### MEMORANDUM OPINION
### DENYING SUMMARY JUDGMENT

The present action was initiated, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), by Cathie Weller, individually, and as representative of the Estate of her deceased father, James Hetherington, for alleged malpractice and wrongful death. Presently before the Court is a motion for summary judgment by defendant, United States of America ("USA").

For the reasons explained below, the Court finds that the USA's motion is due to be denied.

### I. FACTS

Mr. James Hetherington died on September 16, 2003, after receiving treatment in a Veterans Administration ("VA") medical facility.

Sometime after Mr. Hetherington's death, Ms. Weller was interviewed by VA attorney

Carolyn J. Shurell ("Shurell").  According to Shurell's notes, during the interview Ms. Weller stated that her family had been concerned about the level of care Mr. Hetherington received prior to his death.  (Doc. 10, Ex. 1, Shurell Aff. at Ex. D.)   Upon his death, the VA doctors informed the family that Mr. Hetherington's heart failed and that he had died from SJS and TENS.  (Doc. 10, Ex. 1, Shurell Aff. at Ex. D.)  SJS is an acronym for Stevenson-Johnson syndrom and TENS is an acronym for toxic epidermal necrolysis.  Many health care professionals believe that SJS, which may be characterized by blistering, oozing lesions, is a less severe form of TENS, which is a life-threatening condition involving detachment of the top layer of skin from the lower layers of the skin throughout the body.  Both conditions are reportedly caused by drug interactions.

During the interview with Shurell, Ms. Weller indicated that she and her family were shocked because they were not familiar with these conditions and because the VA doctors had not discussed these conditions with the family during her father's illness.  (*Id.*)

A September 30, 2003, death certificate lists the cause of death as: "Toxic epidermal necrolysis due to multiple prescribed medications (Plavix, Ticlid and/or Metoprolol).  Therapeutic complication."  (Doc. 9, Pl.'s Ex. 1.)

On September 9, 2005, Ms. Weller sent an administrative claim form to VA via United States postal service certified priority mail.  For some reason unknown to the postal service, the claim form was not delivered within the guaranteed two to three day period.  (*See* Doc. 9, Pl.'s Ex. 6.)  Because of the delayed delivery, the claim form was delivered to the Washington, D.C. VA Office of Regional counsel on September 20, 2006, and delivered to the Cleveland office on September 28, 2005.

## ANALYSIS

The USA contends that Ms. Weller's claim is barred by the statute of limitations. Specifically, "[a] tort claim against the United States shall be forever barred unless it is <u>presented</u> in writing to the appropriate Federal agency within two years after such claim <u>accrues</u> . . . ." 28 U.S.C. § 2401(b) (emphasis added). According to the Department of Justice regulations, a claim is "presented" when "a Federal Agency receives from a claimant" a claim form or other written notification. 28 C.F.R. § 14.2.

Because the VA did not <u>receive</u> Ms. Weller's claim form by September 16, 2005, two years after Mr. Hetherington's death, the USA first argued that the claim is barred by the statute of limitations. In her response, Ms. Weller, who has elected to proceed *pro se*, argued that the cause of action did not accrue until the date the death certificate was issued. Additionally, she argues that any failure to meet the two-year statute of limitations should be excused because the delay in delivery of her claim form was outside her control.

In response, the USA contends that Ms. Weller's statements to VA attorney Shurell establish that Ms. Weller's claims accrued on the date of Mr. Hetherington's death. Specifically, the USA argues that Ms. Weller's admission that she was informed Mr. Hetherington died from SJS/TEN was sufficient to put her on notice that her cause of action accrued.

The Court finds that a genuine issue of material fact exist with respect to when Ms. Weller's claim accrued. Pursuant to the law of this Circuit, "claims for malpractice under the FTCA accrue when a claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice." *Burgess v. USA*, 744 F.2d 771, 773-74 (11th Cir. 1984). Even if the Court takes the VA attorney's notes as true, the notes simply

indicate that Ms. Weller was concerned about the standard of care her father received. Additionally, she admitted she was told the clinical names for Mr. Hetherington's cause of death. Finally, she was surprised at this information because she was unfamiliar with the deadly conditions and the VA personnel had failed to explain her father's condition during his illness. Nothing about this evidence establishes that, on that date of her father's death, Ms. Weller became aware that the VA may have caused her father's death. Thus, a genuine issue of material fact exists with respect to the precise date upon which Ms. Weller "discover[ed], or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice." *See Burgess v. USA*, 744 F.2d at 773-74.

Done this 8th day of January, 2008.

_____
U.W. Clemon
United States District Judge